OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
In People v Hughes[1] (59 NY2d 523) we affirmed the reversal of defendant’s convictions for first degree rape and second degree assault because the trial court had improperly permitted the jury to consider the victim’s testimony concerning recollections which had been induced by hypnosis. We held that, on defendant’s retrial, the victim could be permitted to testify to facts recalled prior to her hypnosis if the prosecution demonstrated by clear and convincing proof that the victim’s prehypnotic recollections were not "unduly influenced by the hypnotic sessions” (59 NY2d, at 548, supra). Accordingly, we directed the trial court to conduct a hearing to determine the admissibility of events recalled by the victim before she was hypnotized. We specifically noted two matters to be examined and resolved at the pretrial stage: "the extent of the witness’s prehypnotic recollection (which would establish the boundaries of admissible testimony) and whether the hypnosis was so impermissibly suggestive as to require exclusion of in-court testimony with respect to such prehypnotic recollection” (id., at 546).
On remand, however, the trial court admitted the victim’s testimony as to her prehypnotic recall without considering expert testimony, or any other evidence, on the question of whether the hypnotic procedures that had been employed were so impermissibly suggestive as to have tainted the victim’s prior recollections. As the Appellate Division unanimously agreed, the trial court thus failed to comply with the guidelines we outlined in Hughes I. Though the court conducted a hearing and considered testimony about the victim’s prehypnotic statements from the investigating police officer, the victim and her husband, it heard no expert testimony *1038 whatsoever on the suggestiveness of the hypnotic procedures that had been used — it refused defendant’s request to appoint an expert and the prosecution did not present one of its own. Moreover, although the court viewed that portion of a videotape showing the victim’s interview, prior to hypnosis, about her prehypnotic recollection, the court did not view that portion covering the hypnotic session itself.[2] As we explained in Hughes I, the required proof "will necessarily vary from case to case” (59 NY2d, at 547, supra). The scope of the hearing rests within the discretion of the trial court and depends on both the hypnotic procedures employed and the events occurring prior to hypnosis (id., at 546-547). Exercise of that discretion, however, did not permit the trial court here to hold a hearing in which nothing more was to be shown than that which was already known when we remanded the case for the hearing.
Nevertheless, we agree for the reasons stated by the majority at the Appellate Division that the trial court’s error was harmless and does not require a reversal. We would note that, on the second trial, the victim’s testimony did not involve the critical fact of her assailant’s identity.
Defendant’s remaining contentions are either unpreserved or without merit.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
Order affirmed in a memorandum.

. All proceedings relating to the first trial of defendant will be referred to as Hughes I and those relating to the trial and other proceedings after remand as Hughes II.

. The entire videotape of the hypnotic session was received into evidence during the Hughes II hearing as well as in the hearing in Hughes I.